UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EARL HICKERSON,

      Petitioner,

Case No. 11-cv-13185

HONORABLE GERALD E. ROSEN

v.

GORDON CURLEY,

      Respondent.
                                          /

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING AS MOOT PETITIONER'S MOTION TO APPOINT COUNSEL

      Petitioner Earl Hickerson is Michigan state prisoner currently confined in the Baraga Correctional Facility in Baraga, Michigan. He has filed a petition for writ of habeas corpus challenging his convictions of assault with intent to commit criminal sexual conduct involving sexual penetration and third degree criminal sexual conduct. Respondent Gordon Curley has moved for summary judgment, arguing that the petition should be dismissed because it is barred by the statute of limitations. Petitioner does not claim that the petition is timely, but argues that the Court should equitably toll the statute of limitations because Petitioner has offered evidence of actual innocence. The Court finds that the petition is time-barred and that equitable tolling is not appropriate under the facts of this case and therefore grants Respondent's motion for summary judgment. The Court also denies a certificate of appealability and denies as moot Petitioner's motion to appoint counsel.

I.

Petitioner was convicted on July 18, 2005, by a Macomb County jury of one count of assault with intent to commit criminal sexual conduct involving sexual penetration, in violation of Mich. Comp. Laws §750.520g(1), and one count of criminal sexual conduct, third degree, in violation of Mich. Comp. Laws §750.520d(1)(b). He was sentenced on August 23, 2005 as a fourth habitual offender, Mich. Comp. Laws §769.12, to concurrent prison terms of 24 years, 2 months for each conviction.

Petitioner filed a direct appeal with the Michigan Court of Appeals. The Michigan Court of Appeals affirmed his convictions on March 27, 2007, in an unpublished opinion. *People v. Hickerson*, No. 265417, 2007 WL 912114 (Mich. App. March 27, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court, which was denied on July 30, 2007. *People v. Hickerson*, 479 Mich. 868 (2007). Petitioner did not apply to the United States Supreme Court for a writ of certiorari.

On October 27, 2008, Petitioner returned to the trial court and filed a motion for relief from judgment. The trial court denied Petitioner's motion for relief from judgment on May 14, 2009. Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which was denied on October 20, 2009. Petitioner filed with the Michigan Supreme Court an application for leave to appeal the Michigan Court of Appeals' denial. The Michigan Supreme Court denied Petitioner's application on July 26, 2010. *People v. Hickerson*, 487 Mich. 852 (2010).

Petitioner signed the petition in this habeas action on July 18, 2011.

II.

A.

Respondent has moved for summary judgment on the issue of whether the petition is barred by the statute of limitations applicable to habeas petitions. Pursuant to Federal Rule of Civil Procedure 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

The movant has the initial burden of showing "the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant meets this burden, the non-moving party must present evidence demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To demonstrate a genuine issue, the non-moving party must present sufficient evidence upon which a jury could reasonably find for that party; a "scintilla of evidence" is insufficient. *See Liberty Lobby*, 477 U.S. at 252. The Court must accept as true the non-movant's evidence and draw "all justifiable inferences" in the non-movant's favor. *See id.* at 255.

Rule 56 applies to habeas proceedings. See Rule 12 of the Rules Governing § 2254 Cases; *Harris v. Stegall*, 157 F. Supp. 2d 743, 746 (2001).

3

B.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides a one-year statute of limitations for habeas petitions filed by state prisoners seeking habeas relief from state court judgments. 28 U.S.C. § 2244(d)(1). The limitations period runs from one of four specified dates, usually from the date on which the judgment became final by the conclusion of direct review or when the time for seeking such review expires. 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled during any time in which "a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2).

The statute of limitations began to run in this case when Petitioner's conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. 2244(d)(1)(A). "Direct review," for purposes of subsection 2244(d)(1)(A), concludes when the availability of direct appeal to the state courts and to the United States Supreme Court has been exhausted. *Jimenez v. Quarterman*, 555 U.S. 112, 119 (2009). Petitioner did not seek a writ of certiorari in the United States Supreme Court after the Michigan Supreme Court denied leave to appeal in his direct appeal on July 30, 2007. His convictions therefore became final on Monday, October 29, 2007, when the availability of a direct appeal to the United States Supreme Court expired due to the expiration of the ninety-day deadline for seeking a writ of certiorari. *See* Sup. Ct. R. 13.1; Sup. Ct. R. 30.1. The one-year statute of limitations began to run on the following day, Tuesday, October 30, 2007. *See* Fed. R. Civ. P. 6(a)(1)(A).

The limitations period continued to run for 364 days. On October 27, 2008, Petitioner filed a motion for relief from judgment with the trial court. The statute of limitations stopped running on that date, and was tolled for the entire time that the motion and subsequent appeals were pending in state court. *See* 28 U.S.C. § 2244(D)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"); *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002) (application for state post-conviction relief remains "pending" until application has achieved final resolution through the state's post-conviction procedures).

On Monday, July 26, 2010, the Michigan Supreme Court denied leave to appeal the lower courts' denial of post-conviction relief. The limitations period began running again the following day, July 27, 2010, and ran another 357 days, finally stopping on July 18, 2011, the date Petitioner signed and dated his petition. *See Houston v. Lack*, 487 U.S. 266 (1988). The limitations period thus ran a total of 721 days. The petition was filed 356 days past the one-year deadline and is therefore untimely unless equitable tolling applies.

### C.

The AEDPA statute of limitations is subject to equitable tolling in appropriate cases. *Holland v. Florida*, __ U.S. __, 130 S. Ct. 2549, 2560 (2010). A petitioner is entitled to equitable tolling if he shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005)). A petitioner may also be eligible for equitable tolling if he demonstrates a credible claim of actual innocence, so that by

refusing to consider his petition due to timeliness the court would cause a fundamental miscarriage of justice. *Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). Equitable tolling is used "sparingly" by the federal courts. *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving that he is entitled to it. *Id.* "Absent compelling equitable considerations, a court should not extend limitations by even a single day." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) (citation omitted).

Petitioner argues that the Court should deny Respondent's motion for summary judgment because the Respondent did not file his response in accordance with the Court's order requiring the Respondent to file a response to the petition in accordance with Rule 5 of the Rules Governing Habeas Cases on February 1, 2012, the date ordered by the Court. The conduct of the Respondent in responding to the petition, however, is not relevant to the question of whether equitable tolling should apply. The test for equitable tolling focuses on the petitioner's conduct, whether the petitioner was diligent, and whether extraordinary circumstances prevented the petitioner from filing in a timely manner. The response to the petition occurred after the petition was filed, and is therefore not relevant to the Petitioner's conduct in filing the petition. Furthermore, the Respondent did file a timely response to the petition in the form of his motion for summary judgment. According to Rule 5(b) of the Rules Governing § 2254 Cases, a respondent's answer "must state whether any claim in the petition is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, or a statute of limitations. Also, under Rule 4, if "it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court," the court must dismiss the petition. If the court orders a respondent to file an answer, that pleading must "address the allegations in the petition." Rule 5(b). Respondent complied with the Court's "Order Requiring Responsive Pleading" and filed a responsive pleading in the form of a motion for summary judgment

6

on the date set forth in the Court's order. Although the motion for summary judgment did not address the merits of the allegations in the habeas petition, it was Respondent's claim that the petition was time-barred, thus eliminating the need to proceed on the merits. Just as the court may summarily dismiss a petition without ordering a responsive pleading, a respondent may likewise file a motion making the same argument. Respondent's summary judgment motion was an appropriate response to the petition.

Petitioner also argues that he is actually innocent of the crimes of which he was convicted. Actual innocence can be the basis for equitable tolling when a petitioner "can present new evidence with undermines this court's confidence in the outcome of the trial." *Souter*, 395 F.3d at 600. The Sixth Circuit has held that, to form the basis for equitable tolling, a claim of actual innocence must be supported by "sufficient new facts such that it is more likely than not that no reasonable juror would have found the defendant guilty." *Id.* at 596, n. 11. "'Without any new evidence of innocence, even a concededly meritorious constitutional violation is not in itself sufficient' to reach the merits of a time-barred claim." *Connolly v. Howes*, 304 Fed. Appx. 412, 417 (6th Cir. 2008).

The actual innocence exception does not afford a basis for equitable tolling here because Petitioner presents no credible new evidence in support of his claim of actual innocence. Petitioner's only new evidence offered in response to Respondent's motion for summary judgment is a two-page, undated, unverified letter from an unidentified witness to another unidentified person. In that letter, the unidentified witness states that in he remembered "some dope fiend" and his "crackhead bitch" getting beaten "on the block," sometime in "03 or 02." The letter goes on to say that the writer knows the names of the people involved, but will not tell them, because he would not help anyone "rat on my people." Petitioner argues that he is the "dope fiend" referred to in the letter, that the victim is the "crackhead bitch," and that the events described in the letter support his version of the facts and are new evidence of his innocence, sufficient to justify equitable tolling.

7

The evidence that Petitioner relies upon for his claim of actual innocence does not meet the exacting standard to support a credible claim of actual innocence as outlined in *Souter*. The evidence while apparently new, is not "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence " or similarly reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The letter is not an affidavit, it is undated, is was prepared by an unknown person and obtained by Petitioner in an unknown manner, and would be inadmissible hearsay at trial. It was produced seven years after the events it purports to describe, and any connection between the events in the letter and the events resulting in Petitioner's conviction is purely speculative. Moreover, there was strong evidence of Petitioner's guilt offered at his trial, including testimony by the victim describing the assault and identifying the Petitioner as the perpetrator. Given the evidence offered against Petitioner at trial, the letter is not the type of evidence that would introduce doubt about Petitioner's conviction that would make it more likely than not that no reasonable juror would have convicted Petitioner in light of the evidence. Petitioner's new evidence, therefore, does not provide a basis for equitable tolling based on actual innocence.

The petition is time-barred by the statute of limitations, and there is no basis to equitably toll the limitations period. The Respondent's motion for summary judgment will therefore be granted.

Petitioner's motion to appoint counsel will be denied as moot.

### III.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that

jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). Having considered the matter, the Court concludes that reasonable jurists could not debate whether the Court was correct in its procedural ruling. Accordingly, the Court denies a certificate of appealability.

IV.

Respondent's Motion for Summary Judgment [Dkt. 9] is GRANTED.

The Petition for Writ of Habeas Corpus [Dkt. 1] is DISMISSED WITH PREJUDICE.

A Certificate of Appealability is DENIED.

Petitioner's Motion to Appoint Counsel [Dkt. 7] is DENIED AS MOOT.

SO ORDERED.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: May 24, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 24, 2012, by electronic mail and upon Earl Hickerson, #164449, Baraga Maximum Correctional Facility, 13924 Wadaga Road, Baraga, MI 49908 by ordinary mail.

s/Ruth A. Gunther
Case Manager